577 A.2d 253 (1990)
In re R.W., Juvenile.
No. 88-466.
Supreme Court of Vermont.
February 26, 1990.
Motion for Reargument Denied May 29, 1990.
Before ALLEN, C.J., PECK and DOOLEY, JJ., and F. RAY KEYSER, Associate Justice (Ret.), Specially Assigned.

ENTRY ORDER
Appellant, the mother of R.W., appeals an order of the juvenile court terminating her parental rights. We affirm.
Appellant was sixteen years old at the time of R.W.'s birth in July, 1986. Four months later, the child was placed in foster care. On April 27, the State filed a petition alleging that R.W. was a child in need of care and supervision. Custody was transferred to SRS in June of 1987, and in April of 1988 SRS filed a petition to terminate parental rights. The mother's rights were terminated on September 15, 1988.
On appeal, the mother claims that the record fails to establish by clear and convincing evidence that she will be unable to resume parental duties within a reasonable time. Testimony at the hearing showed that appellant had made little progress in developing parenting skills despite the assistance of SRS and the foster mother. Appellant's social worker stated that appellant's impulsiveness and poor judgment made it difficult to anticipate improvement in her ability to care for her child, even if appellant moved out of her own dysfunctional family situation. The social worker could not predict when, if ever, appellant would be capable of caring for R.W.; the court noted that the child had lived with the same foster family since she was four months old, and that the foster family was willing to adopt her.
The juvenile court is empowered to terminate parental rights if the court finds by clear and convincing evidence that this is in the child's best interest. In re J.R., 153 Vt. ___, ___, 570 A.2d 154, 160-61 (1989). The court relies on the four factors listed in 33 V.S.A. § 667 to determine the best interests of the child; the most critical factor is whether the parent "will be able to resume his parental duties within a reasonable period of time." In re J.R., 153 Vt. at ___, 570 A.2d at 161. Where the court has applied the proper standard, we will not disturb findings unless clearly erroneous, and we must affirm the court's conclusions when supported by those findings. Id. at ___, 570 A.2d at *254 158. The testimony in support of termination was uncontradicted; appellant does not dispute the court's findings, only the weight placed on the findings in reaching its conclusions. The child's right to a stable home life, coupled with complete uncertainty as to when appellant might surmount her difficulties in caring for R.W., supports the court's determination that appellant will not be able to assume parental responsibility for R.W. within a reasonable time.
In this instance it is evident that any consideration of "reasonable time" must necessarily include some analysis of when, if ever, appellant would be able to recommence caring for R.W. The juvenile court's findings state plainly that appellant "has no present or prospective ability to parent R.W. within a reasonable period of time since she seems to have no interest in visiting regularly with R.W. and learning parenting skills." The court went on to conclude that "[b]ased on the mother's history and her interaction with her child, it is clear that the mother will not be able to resume her parenting role within a reasonable time." The record shows that the court applied the correct standard. In re C.W., 148 Vt. 282, 284-85, 532 A.2d 566, 568-69 (1987).
Affirmed.