605 A.2d 515 (1992)
In re M.B. and E.B., Juveniles.
No. 90-272.
Supreme Court of Vermont.
January 17, 1992.
*516 Howard E. Van Benthuysen, Franklin County State's Atty., JoAnn Gross, Deputy State's Atty., and Diane C. Wheeler, Law Clerk (on the brief), St. Albans, for plaintiff-appellee.
Robert Andres, Burlington, for defendant-appellant.
Daniel M. Albert, Public Defender, St. Albans, for defendants-appellees.
Before ALLEN, C.J., and GIBSON, DOOLEY and JOHNSON, JJ.
GIBSON, Justice.
M.R. appeals the juvenile court's finding that two of her children, M.B. and E.B., are in need of care or supervision (CHINS). 33 V.S.A. § 5502(a)(12)(B). She presents ten arguments, which can be condensed as follows: (1) she was not given adequate notice of the claims supporting the CHINS petition, (2) the court violated time limits imposed by the governing statutes, (3) the court erroneously admitted a variety of hearsay declarations, and (4) the evidence was insufficient to support a finding that either child is in need of care or supervision. We affirm, rejecting additional claims of error without discussion as meritless.

I.
The Department of Social and Rehabilitation Services (SRS) took M.B. and E.B. into temporary custody and placed them with their father in April 1989, when they were three and four years old, respectively. SRS acted in response to M.B.'s complaint to her stepmother and father that she had been sexually abused by a boarder in the apartment where she lived with her mother and sisters. The boarder allegedly had fondled M.B. and inserted his finger into her vagina. SRS and other social service agencies had had extensive interaction with M.R. over prior years. Two social workers testified that M.R. had lived with her children in unclean housing that was occasionally unheated or without hot water, and had splintered floors and broken windows; that the children often were undressed or underdressed, unsupervised, and unwashed; that M.R. was unable to keep other people from entering and staying in her apartment; and that she generally failed to follow through with efforts to improve her situation.

II.
M.R. first contends that the State did not give her adequate notice of the underlying basis for its CHINS petition. The State used a standard form to initiate the proceeding, checking a box indicating that "[t]he child is or may be a child in need *517 of care or supervision based on the following allegations." Rather than recite allegations on the form, the State attached and incorporated a thirty-seven-paragraph affidavit from a social worker that indicated that the children had suffered from a lack of supervision for some period of time, that both children had suffered injuries while in the mother's care, that M.R. had done little to reduce the risk of injury to her children despite extensive assistance from public agencies, that a recent claim of sexual abuse by one of the children was supported by a pediatrician's finding of abrasions inside the child's vaginal opening, and that M.R. was not able to protect her daughter. M.R. claims the affidavit was confusing, leaving her without notice of the exact nature of the State's claims.
Faced with challenges similar to M.R.'s, this Court has held that an affidavit supporting a juvenile petition that plainly recites the substance of the allegations satisfies the requirement of particularity so as to allow the parties an adequate opportunity to respond. In re R.M., 150 Vt. 59, 70, 549 A.2d 1050, 1057 (1988). We find that the affidavit herein plainly recited the substance of the State's allegations, and that M.R.'s due process right to adequate notice was therefore satisfied.

III.
M.R. claims she was also denied due process because more than a year passed between April 1989, when the children were taken into temporary custody by SRS, and May 1990, when the juvenile court issued its order finding that the children in fact were in need of care and supervision. It is settled that juvenile proceedings should be resolved as quickly as is reasonably possible, In re M.C.P., 153 Vt. 275, 293, 571 A.2d 627, 637 (1989), but the time limits established by the governing statutesi.e., 33 V.S.A. § 5515 (preliminary hearing within forty-eight hours after child taken into custody), § 5519 (merits hearing within fifteen days), § 5526 (disposition hearing within thirty days of CHINS finding)are "directory and not jurisdictional." M.C.P., 153 Vt. at 294, 571 A.2d at 637. Underlying the statutory scheme is the goal of furthering the best interests of the children whose future is at stake. See id. (parents' right to speedy adjudication must be weighed against child's best interests).
In this case, SRS took the children into protective custody on April 25, 1989, a preliminary hearing was held April 26, and the merits hearing was commenced on May 9. No witnesses were called on that date, however, and the hearing resolved only M.R.'s motion to dismiss and scheduling matters. The merits hearing was resumed on May 24 and 25 and was then continued until its completion in October. Although the time limits pertinent to this appeal technically were met, the proceedings were unusually protracted. The delay leading up to October can be partly explained by the birth of another child to M.R., but the seven-month delay in the issuance of the court's decision is not explained. Still, keeping in mind the substantiated allegation that M.R. was unable to care adequately for the two children, we cannot say that the best interests of the children were not served, and we find no basis to grant relief herein on the grounds of delay.

IV.
M.R. next challenges the admission of testimony she claims should have been excluded as hearsay.

A.
First M.R. argues that the testimony of the social worker whose affidavit accompanied the CHINS petition and that of the pediatrician who examined M.B. should have been excluded, to the extent they detailed M.B.'s complaints of sexual abuse. The testimony was admitted under V.R.E. 804a, which creates a hearsay exception for statements made by children under age ten concerning sexual abuse. M.R. contends that the statements were not properly admissible because, contrary to Rule 804a, they were made in preparation for a legal proceeding, the child was not available to testify, and the time, content, and circumstances of the statements *518 did not indicate they were reliable. See V.R.E. 804a(a)(2)-(4).
To support her argument that the statements were taken in preparation for a legal proceeding, M.R. claims that the social worker's three interviews with M.B. on the day the children were taken into custody were geared toward the CHINS proceeding, and that police officers present at two of the interviews were preparing a case against the alleged abuser. She also claims the pediatrician's examination of the abused child was made in preparation for litigation because the child was referred to him by SRS. At the hearing, however, the court found that the interviews and examination were conducted for investigatory purposes. The finding that M.B.'s statements were not made in preparation for a legal proceeding was supported by the evidence, and we will not disturb it.
Second, M.R. argues that the child who complained of being abused was not made available to testify during most of the hearing, and was not able to testify when she was called. There is no requirement that the child be available throughout a hearing that covers several days. Eventually, M.B. did testify, although her testimony was very limited. She said she was unable to remember what the person who had abused her had done, but testified that she did remember telling her father, stepmother, and a police officer about the incident. The trial court found that the child was available to testify, and we agree. Although M.R.'s frustration at the child's loss of memory is understandable, the child did not refuse to testify, see, e.g., State v. Roberts, 154 Vt. 59, 66-67, 574 A.2d 1248, 1251 (1990) (witness physically present at trial may nonetheless qualify as unavailable by refusing to testify), but did testify, apparently to the best of her ability, offering some corroboration to the statements given earlier by her. The record is adequate to support the trial court's determination. Cf. State v. Paquette, 146 Vt. 1, 5, 497 A.2d 358, 361 (1985) (no violation of confrontation clause where defendant had opportunity to cross-examine witnesses, although effectiveness of cross-examination was limited because of witnesses' failure to recall events described in their statements).
Third, we also leave undisturbed the court's finding that there were substantial indicia of trustworthiness to the out-of-court statements in that they were made to trusted adults in unpressured settings, were consistent internally and with each other, and were corroborated by medical and other evidence. See State v. Gallagher, 150 Vt. 341, 346-47, 554 A.2d 221, 224-25 (1988) (discussion of admissibility of out-of-court statements found to be trustworthy, recognizing likelihood of child victims of sexual crimes being unable to deliver effective live testimony). In sum, Rule 804a was satisfied, and the substance of the child's reports of abuse was properly before the court.

B.
M.R. also challenges on hearsay grounds the admission of the social worker's testimony about prior interaction between SRS and M.R., based on the social worker's references to SRS records. At the merits hearing, the State argued that the statements fell within the business records exception, V.R.E. 803(6), but on appeal argues that the testimony was based on records of a public agency, V.R.E. 803(8). In the alternative, the State argues that the testimony was not hearsay because it was introduced to show a pattern of poor parenting by M.R. The State also argues that any error made in admitting the testimony was harmless, because the juvenile court relied primarily on the reported sexual abuse and testimony of social workers with personal knowledge in finding that the children were in need of care or supervision.
Without deciding whether the testimony might properly have been admitted under a Rule 803 exception, we conclude that any error related to this testimony was harmless. The State's characterization of the court's findings is accurate; it is clear that the court based its conclusion mainly on the allegations that M.B. had recently been sexually abused, which were properly in evidence, and direct testimony that M.R. *519 was unable to provide adequate care and supervision for the children to their physical detriment.

V.
Next, we consider M.R.'s argument that the juvenile court erred in concluding that M.B. and E.B. both are children in need of care or supervision. She challenges several of the court's findings and claims its conclusion is unsupported.
At the merits stage of a CHINS proceeding, the State has the burden to establish by a preponderance of the evidence that the children in question are in need of care or supervision, i.e., that they have been abandoned or abused or are without proper parental care or subsistence necessary for their well-being. 33 V.S.A. §§ 5502(a)(12), 5526(a); In re R.B., 152 Vt. 415, 421, 566 A.2d 1310, 1313 (1989). We will not disturb findings of fact in a juvenile proceeding unless they are unsupported by any credible evidence. R.B., 152 Vt. at 425, 566 A.2d at 1315.
M.R. objects particularly strongly to the court's reliance on the testimony of the children's father concerning M.B.'s complaint of sexual abuse. She contends that his testimony was speculative, and consisted of inferences based on information learned from others. The court's findings rely only to a limited extent on the testimony of the father. The record reveals, nonetheless, that M.B. told her father about the incident of abuse directly. This testimony was properly relied upon by the court, once it was admitted under Rule 804a. Ample credible evidence also supports the court's other findings of abuse and neglect, and we will not disturb them.
Challenging the court's conclusions, M.R. charges that there was neither an allegation nor a finding sufficient to support a determination that E.B., the child who did not complain of sexual abuse, was in need of care or supervision. The State counters that the treatment of one sibling can be probative of neglect or abuse of another, In re D.P., 147 Vt. 26, 31, 510 A.2d 967, 970 (1986), and, more convincingly, points out that there was adequate evidence that E.B. herself had suffered under M.R.'s care. The evidence that, for substantial periods, E.B. was unclean, poorly clothed, and exposed to dangerous living conditions was sufficient to support the court's conclusion that E.B. is in need of care or supervision.
As to M.B., M.R. contends that the allegation of sexual abuse by a stranger in her home is insufficient to support a CHINS finding, and that an innocent family should not be punished for another's crime. Ordinarily, we would agree with this contention. The point here, however, is not that M.B. suffered from an isolated incident of abuse, but rather that she and E.B. were being raised in a manner that allowed such abuse to occur and subjected them to dangers that M.R. could not prevent. Although the court's findings focused primarily on the incident of abuse, the court also relied on the testimony of two social workers that indicated a continuing lack of supervision and care adequate to protect the children's well-being.
M.R. correctly points out that the right of every family to live free from government interference prohibits the State from taking custody of a child simply because he or she "might be better off somewhere else." In re N.H., 135 Vt. 230, 236, 373 A.2d 851, 856 (1977). This is not such a case, however; the evidence showed specific, serious problems that support the court's conclusion that E.B. and M.B. were in need of care and supervision.
Affirmed.