## In re K.M., Juvenile

[604 A.2d 788]

No. 90-277

Present: **Allen, C.J., Gibson, Dooley and Johnson, JJ.**

Opinion Filed February 7, 1992

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Alexandra N. Thayer*, Assistant Attorney General, Waterbury, *Howard VanBenthuysen*, Franklin County State's Attorney, and *Howard Stalnaker*, Deputy State's Attorney, St. Albans, for Plaintiffs-Appellees.

*Steve Dunham*, St. Albans, for Defendant-Appellee juvenile.

*Michael Rose*, St. Albans, for Defendant-Appellant mother.

**Johnson, J.** This is an appeal from a district court judgment terminating appellant mother's parental rights. Appellant urges that the Vermont Department of Social and Rehabilitation Services (SRS) inadequately attempted to reunify the family and that the trial court's finding that SRS complied with 33 V.S.A. § 5540 was clearly erroneous. We reject these contentions and affirm.

This is the second case involving these parties to come before this Court. Appellant previously challenged a trial court order transferring custody and legal guardianship of K.M., the child involved in the instant case, to SRS. *In re K.M.*, 149 Vt. 109, 539 A.2d 549 (1987). There, we affirmed the trial court's findings that appellant's live-in boyfriend had mistreated K.M.; that appellant failed to protect her child; and that appellant required counseling to separate herself from the adverse influence of her boyfriend, to develop parenting skills, and to learn to deal with anger, depression and to develop self-esteem. *Id.* at 111, 539 A.2d at 550. We also affirmed the court's finding that the "boy-

friend failed to recognize that his conduct toward K.M. was abusive [and its conclusion] that K.M. should not return home, at least until [the boyfriend] was no longer a member of the household." *Id.* at 112, 539 A.2d at 550.

Following the decision to transfer custody and legal guardianship of K.M. to SRS, an eighteen-month dispositional review was held pursuant to 33 V.S.A. § 5531. SRS representatives recommended that K.M. be freed for adoption and that appellant's parental rights be terminated. The court terminated appellant's rights and this appeal followed. The trial record indicates that after custody of K.M. was transferred to SRS, agency representatives developed several case plans to allow K.M. eventually to return to appellant's custody. These plans called for mental health counseling, parenting counseling, attending Parents Anonymous meetings, and working with Vocational Rehabilitation to enhance appellant's job skills. SRS also made it clear that they would not place K.M. in appellant's home if she continued to live with her boyfriend, unless they both regularly and actively participated in the recommended counseling services. Evidence in the trial record indicates that they both refused to do so.

■ Appellant maintains that SRS's failure to continue and maintain its reunification efforts contributed significantly to stagnation in her ability to parent. She argues that termination of her parental rights should not be permitted under such circumstances. See *In re S.R.*, 157 Vt. 417, 421–22, 599 A.2d 364, 367 (1991) (stagnation caused by factors beyond parents' control cannot be basis for termination of parental rights). The record does not support this argument, however. SRS representatives met with appellant on many occasions to discuss her case plan, transported appellant to K.M.'s school to enable her to participate in educational planning for K.M., and provided appellant with financial assistance to allow her to attend counseling sessions and to visit with K.M. Appellant, however, rejected most of these efforts. The court concluded that SRS had worked energetically and properly with appellant, and that appellant by her own conduct and choices had caused her separation from K.M. These findings of fact were supported by substantial evidence, and the conclusion was supported by the findings. *In re J.R.*, 153 Vt. 85, 94, 570 A.2d 154, 158 (1989).

Appellant also asserts that the trial court erred in applying the statutory criteria governing the eighteen-month review proceeding. Title 33 V.S.A. § 5540, formerly 33 V.S.A. § 667, requires a review of child-custody decisions to ensure that custody arrangements serve a child's best interests. Factors to be considered by the court include:

> (1) The interaction and interrelationship of the child with his natural parents, his foster parents if any, his siblings, and any other person who may significantly affect the child's best interests; (2) The child's adjustment to his home, school, and community; (3) The likelihood that the natural parent will be able to resume his parental duties within a reasonable period of time; and (4) Whether the natural parent has played and continues to play a constructive role, including personal contact and demonstrated love and affection, in the child's welfare. *Id.*

Evidence adduced at trial indicated that K.M.'s father had no involvement with her for nearly five years and "he has played no role in her life of any kind." Therefore, placement of K.M. in her natural father's home was not feasible. The court also found that "[p]lacement of K.M. in appellant's home would leave her vulnerable to the risk of further abuse from [appellant and her boyfriend]." Further, K.M. is presently residing in a home that is "providing consistency, structure, and [the] therapeutic environment she needs." Her present foster parents have also made a firm commitment to adopt her if she is freed for adoption, and K.M. is adjusting well to her school and community.

Moreover, the trial court found that appellant lacks the necessary skills to care for K.M., and that there is no likelihood that appellant "will be able to resume parental duties within a reasonable period of time." See *In re R.W.*, 154 Vt. 649, 650, 577 A.2d 253, 253 (1990) (most critical factor in determining child's best interests is whether parents will be able to resume parental duties within reasonable time). Finally, the court found that appellant was disinterested in becoming involved in K.M.'s daily life, absented herself from K.M. for over nine months, and sought contact with K.M. only after termination proceedings were initiated. The trial court carefully considered and weighed

the statutory criteria, and its conclusions were supported by substantial evidence in the record. See *In re M.C.P.*, 153 Vt. 275, 295, 571 A.2d 627, 638 (1989).

*Affirmed.*