### In re M.B. and E.B.

### In re E.B. and M.B., Juveniles

[647 A.2d 1001]

Nos. 90-444 and 92-551

Present: **Allen, C.J., Gibson, Dooley and Johnson, JJ.**

Opinion Filed February 28, 1994

Motion for Reargument Denied June 23, 1994

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Alexandra N. Thayer*, Assistant Attorney General, Waterbury, for Appellee SRS.

*Daniel Albert*, Public Defender, St. Albans, for Appellee Juveniles E.B. and M.B.

*Michael Rose*, St. Albans, for Appellant C.B.

*Robert Andres*, Burlington, for Appellant M.R.

**Allen, C.J.** Appellant C.B. appeals the termination of parental rights and responsibilities for his children M.B. and E.B. We affirm.

This case was consolidated with *In re M.B.*, No. 90-444 (Vt., filed Sept. 12, 1990), in which both parents appealed the trial court's order transferring custody and guardianship of the children to the Department of Social and Rehabilitation Services (SRS) after a finding that

they were children in need of care or supervision (CHINS).[1] While that appeal was pending, SRS petitioned for termination of residual parental rights and responsibilities, and the trial court granted the petition on October 30, 1992. Custody and guardianship over M.B. and E.B. were transferred to SRS without limitation as to adoption. The mother, M.R., has not appealed the termination order. Therefore, her appeal in No. 90-444 of the CHINS disposition order is moot. See *In re H.A.*, 148 Vt. 106, 108, 528 A.2d 756, 757 (1987) (case is moot if no "live" issue is presented or if parties lack legally cognizable interest in result).

■ The disposition order appeal brought by the father, C.B., stands on different ground. In essence, the father alleged that the disposition order was invalid because the trial court erroneously used hearsay evidence alone to make a finding that he was unfit and demonstrably incapable of providing an appropriate home for the children.[2] Hearsay evidence is admissible in a disposition hearing, 33 V.S.A. § 5527(d), but "where a timely objection is made, hearsay evidence *alone* may not be used as a basis for a finding of parental unfitness." *In re C.L.*, 151 Vt. 480, 487 n.1, 563 A.2d 241, 246 n.1 (1989), *cert. denied*, 493 U.S. 1026 (1990). Faced with a lack of sufficient credible, nonhearsay evidence of the father's unfitness, ordinarily we would reverse the disposition order and remand to the trial court for additional findings based on appropriate evidence. But in this case, additional hearings were held for the termination of parental rights, which involved the taking of evidence on issues virtually identical to those in the disposition proceeding.

■ To justify termination, the trial court must find, by clear and convincing evidence, that termination is in the best interests of the child, and, in particular, whether the parent will be able to "'resume . . . parental duties within a reasonable period of time.'" *In re J.R.*,

---

[1] The merits order in the CHINS determination was affirmed. See *In re M.B.*, 158 Vt. 63, 605 A.2d 515 (1992).

[2] The father also argues that the court made an erroneous finding of fact in its merits order, that he had never financially supported E.B. Assuming the finding was clearly erroneous and should not have been factored into the court's determination, the record nevertheless shows that the State met its burden of proving that the children lacked appropriate parental care, protection, and subsistence necessary for their well-being. 33 V.S.A. §§ 5502(a)(12), 5526(a); see *In re M.B.*, 158 Vt. at 70, 605 A.2d at 519 (mother's appeal of same merits order). The father, as noncustodial parent, may not have done anything directly to create or contribute to the children's circumstances, but this in itself does not preclude a CHINS finding. *In re N.H.*, 135 Vt. 230, 235, 373 A.2d 851, 855–56 (1977).

153 Vt. 85, 100, 570 A.2d 154, 161 (1989) (quoting 33 V.S.A. § 667(3), recodified at 33 V.S.A. § 5540(3)). As in the disposition hearing, hearsay evidence is admissible in termination proceedings, but alone it cannot provide the basis for the conclusion that an individual is an unfit parent. *In re R.B.*, 152 Vt. 415, 424, 566 A.2d 1310, 1314 (1989), *cert. denied sub nom. Appleby v. Young*, 493 U.S. 1086 (1990). There must also be "credible, nonhearsay evidence of parental unfitness." *Id.* Therefore, in light of the identical standards for use of hearsay evidence and the higher burden of proof the State must bear to secure a termination of parental rights, if the termination order is affirmable, the father's appeal of the disposition order is also moot. We turn, then, to the father's appeal of the termination order, No. 92-551.

The father alleges a number of errors warranting a reversal of the termination order: (1) ineffective assistance of counsel; (2) the trial court erroneously found that he was an unfit parent; (3) the trial court failed to review the evidence carefully in making its findings of fact and conclusions of law; (4) the court should have ordered something less drastic than termination of his residual parental rights. We examine each claim in order.

## I.

The father first claims that he was denied effective assistance of counsel in the termination hearing.[3] This stems from trial counsel's attempt to withdraw from representation on the sixth day of merits hearings, which spanned seven days over several months in 1992. The record shows that for the first five days, in which SRS presented its case for termination, appellant's attorney pursued his case with appropriate zeal and competence. He cross-examined the State witnesses extensively and effectively on all relevant issues, including reports that the father had sexually abused E.B. and M.B. Just before the fifth day of the hearing, the attorney learned that C.B. had been formally charged with sexually abusing his two young stepchildren, allegations against the father similar to those made by E.B. and M.B.

---

[3] Neither party briefed or discussed the issue of whether, in a civil proceeding, ineffective assistance of counsel may be raised to challenge a judgment terminating parental rights. We express no opinion here on the viability of such a claim, or of the appropriate procedure to hear it. Cf. *State v. Davignon*, 152 Vt. 209, 222, 565 A.2d 1301, 1308 (1989) (due to need to develop evidentiary record, ineffective assistance of counsel claims should first be brought in post-conviction relief proceedings, not as part of defendant's direct appeal from conviction). We consider the father's claim in this case only because: (1) our resolution does not require evidence about the trial counsel's competence, and (2) we conclude the claim has no merit.

The father's attorney moved for permission to withdraw because he no longer felt he could "truthfully" present the father's case. The motion was heard and denied by a judge not otherwise associated with the proceedings. When the hearing resumed, counsel for the children informed the court of the charges pending against the father, and the father's attorney admitted that these new allegations of sexual abuse had caused him to seek withdrawal from the case. The allegations also compelled the father's counsel to reconsider the fairly lengthy list of witnesses he had planned to call in presenting the father's case in chief. Ultimately, he called only the father, a fairly recent acquaintance of the father, and the foster parents of E.B. and M.B., who had consented to adopting the children should termination of parental rights be ordered. The direct examinations of all of the father's witnesses were brief; counsel verified on direct examination of the foster parents that they would be willing to proceed with adoption. On appeal, the father contends that he was prejudiced by trial counsel's admission to the court that he had serious doubts about the father, and the brevity of the presentation of the father's case.

■ To establish a claim of ineffective assistance of counsel, the father must show by a preponderance of the evidence that (1) counsel's conduct fell short of the prevailing standard of a reasonably competent attorney, and (2) this incompetence was sufficiently prejudicial to create "a reasonable probability" of a different result. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); accord *In re Ringler*, 158 Vt. 118, 121, 605 A.2d 522, 526 (1992).[4] In this case we assume, without deciding, that counsel failed to meet the standard of reasonable competence in the termination hearing. Therefore, we will reverse for ineffective assistance of counsel only if the father demonstrates a reasonable probability that, absent the prejudicial effect of counsel's representation, his parental rights and responsibilities would not have been terminated.

■ Termination of parental rights after disposition involves a two-step process, in which the trial court first makes a threshold finding of a substantial change in material circumstances, and then determines whether termination serves the best interests of the child. *In re J.R.*, 153 Vt. at 99–100, 570 A.2d at 161. Appellant has not

---

[4] Because the father argues ineffective assistance under the standard of *Strickland* and *In re Ringler*, which dealt with claims in the context of a criminal prosecution, we evaluate his claim accordingly. We express no opinion on whether a different test may apply in civil termination of parental rights proceedings.

challenged the threshold finding of a substantial change in material circumstances.

The best interests of the children must be considered in accordance with the four criteria set forth in 33 V.S.A. § 5540:

(1) The interaction and interrelationship of the child with his natural parents, his foster parents if any, his siblings, and any other person who may significantly affect the child's best interests;

(2) The child's adjustment to his home, school, and community;

(3) The likelihood that the natural parent will be able to resume his parental duties within a reasonable period of time; and

(4) Whether the natural parent has played and continues to play a constructive role, including personal contact and demonstrated love and affection, in the child's welfare.

The most important of the four criteria is the third, concerning resumption of parental duties. *In re J.R.*, 153 Vt. at 100, 570 A.2d at 161.

In the first five days of the hearing, SRS presented extensive evidence outlining the troubled history of the father and his children. From the outset, SRS personnel working with the mother and father emphasized the need for a safe and stable home environment for young children such as E.B. and M.B. Social workers and mental health professionals described a situation in which neither parent had proven capable of providing a proper, nurturing environment for E.B. and M.B. The court found that the father had been given a number of opportunities over several years to care for the children. He also had been afforded but never took advantage of services to help him with the children, including welfare benefits, parenting classes, and training to enhance his employability. Nevertheless, a pattern developed in which, due to a variety of personal, marital, and financial difficulties, the father kept the children for only relatively brief periods before returning them to SRS for placement with their mother or in temporary foster care. When the termination hearing commenced on April 29, 1992, neither child had been in his care for the preceding ten months.

Shuttled between their parents and foster homes, E.B. and M.B. did not fare well. The court found that M.B. especially exhibited serious emotional and behavioral problems that neither parent was

competent to address. M.B. was placed in a foster home in April 1991; E.B. was placed in the same home in December of that year. For the first time, M.B. described to her foster mother incidents of sexual abuse by her father and mother while in their respective households. In the course of an investigation of these claims, E.B. made similar allegations. The court found that the combination of abuse and the lack of a stable family life exacted a significant psychological toll on the children.

The court concluded that the father would not be able to resume his parental duties for E.B. and M.B. within a reasonable period of time. The children's relationship with their father had significantly deteriorated, to the point where the children requested from "the state lady" protection if they were placed with him. The father had demonstrated an inability to provide a safe, stable, nurturing home. Despite the father's protestations of love and concern for his children, the court found that he had not proven capable of translating his professed feelings into action beneficial to E.B. or M.B. The court found, in contrast, that the children had responded well to the care provided in their foster home, and would continue to improve with the efforts of skilled foster parents capable of devoting considerable time and energy.

The record contains clear and convincing evidence on all the relevant criteria of 33 V.S.A. § 5540, evidence that supports the termination of the father's parental rights. The father fails to specify how trial counsel's presumed incompetence prejudiced his case sufficiently to create the reasonable probability of a different outcome. He argues that trial counsel's motion to withdraw and presentation of his case qualifies as prejudice as a matter of law sufficient to warrant reversal. We acknowledge that, in certain cases, it may be obvious that ineffective assistance of counsel has resulted in prejudice sufficient to reverse, but this does not relieve a party of the burden of demonstrating a reasonable probability of a different result in all cases, even if the prejudice is obvious. See In re Fisher, 156 Vt. 448, 462, 594 A.2d 889, 897 (1991). The father has not met that burden by simply alleging prejudice as a matter of law.

The record shows that trial counsel vigorously and extensively cross-examined all of the State's witnesses, particularly on issues of inappropriate discipline and the substantiated reports of sexual abuse. The father fails to specify what additional, relevant evidence would have been provided by the witnesses that counsel opted not to call in light of the new allegations of the father's sexual abuse of his

stepchildren. Even if the father had presented testimony from a number of witnesses that he loved his children and wanted them with him, this would not have controverted the extensive testimony that he had not been capable of providing a stable home environment and showed no evidence of being able to do so within a reasonable period. Moreover, had the father offered evidence to rebut the claims of sexual abuse of E.B. and M.B., this would not have changed the result. As the trial court noted in its conclusions:

> Despite extensive SRS efforts to assist the father in gaining the skills and attributes necessary to parent [the children], and repeated opportunities to care for them separate from their mother, the father has repeatedly abandoned both . . . , and has engaged in child rearing and child care practices that resulted in physical and verbal abuse to the [children]. These problems alone, persisting after years of intervention and assistance to the father are a change in circumstance that warrants termination of the father's parental rights. *In addition*, the father has sexually abused each [child] and remains untreated and in denial to the current time.

(Emphasis added.) The findings of sexual abuse were not necessary in the decision to terminate the father's parental rights. Therefore, we hold that the father has not demonstrated prejudice from trial counsel's incompetence sufficient to create a reasonable probability that the result of the termination proceedings would have differed.

## II.

The father's second claim of error pertains to the trial court's finding of parental unfitness. Though he acknowledges that hearsay is admissible in termination proceedings, *In re R.B.*, 152 Vt. at 424, 566 A.2d at 1314, the father alleges that the trial court erred by basing its conclusion on hearsay evidence of sexual abuse. The father's argument skirts the fact, however, that the court based its determination not on hearsay evidence of sexual abuse alone, but on five days of nonhearsay testimony from qualified professionals who detailed other reasons to support the finding of unfitness. In addition, as noted above the decision to terminate would have been made even absent the findings of sexual abuse.

The father further contends that the court shirked its duty to exercise independent judgment by finding that SRS had substantiated the allegations of sexual abuse. He fails, however, to demonstrate

that the findings are clearly erroneous. See V.R.C.P. 52(a)(2) (applicable in family court proceedings pursuant to V.R.F.P. 3(a), 2(a)). Therefore, we will not disturb the trial court's findings on sexual abuse.

The father also takes issue with other findings supporting the termination of parental rights: that he was unwilling to be a custodial parent, and that he disciplined the children excessively while they were in his care. As to the first, he argues he is not an unfit parent simply because he chose a noncustodial parental role, and as a matter of public policy, contact between parent and child should be promoted to the extent it furthers the best interests of the child. Public policy, however, does not dictate that the parent-child bond be maintained regardless of the cost to the child; 33 V.S.A. § 5540 recognizes that severance of that bond may be in the child's best interest.

In this case, the court found that the best interests of the children would be served by securing for them a stable home environment with adults capable of addressing their special needs. The father was given a number of opportunities over several years to provide that environment, and was offered but refused help with the demanding task of parenting E.B. and M.B. Since the question of a stable home life is a proper, if not critical, inquiry in the decision to terminate parental rights, *In re R.W.*, 154 Vt. 649, 650, 577 A.2d 253, 254 (1990), a demonstrated inability to provide that stability is relevant to the determination of whether to terminate parental rights.

The father also alleges that the trial court had no basis to conclude he subjected the children to excessive discipline. In its conclusions of law, the court stated that the father "has engaged in child rearing and child care practices that resulted in physical and verbal abuse to the girls." On review, we will disturb this conclusion only if it is not supported by findings of fact, or if the findings themselves are clearly erroneous. *In re J.R.*, 153 Vt. at 94, 570 A.2d at 158. The father acknowledges that evidence was presented that he had spanked the children and imposed "strict discipline." There was also testimony that he expected a level of behavior difficult for young children to achieve. In light of the other findings of sexual abuse and the father's pattern of accepting the children and then returning them to their mother or to foster care, the court reasonably could have concluded that his child-rearing practices were abusive to E.B. and M.B.

## III.

■ The father's third claim of error is that the trial court did not carefully consider the evidence in making its findings of fact and conclusions of law. The father asserts that the court adopted most of the proposed findings of fact submitted by SRS, including inconsistent citations to the same case, which suggests that the trial court failed to review all testimony and supporting law thoroughly. We find no merit to this argument. The trial court may adopt a party's proposed findings of fact verbatim. See V.R.C.P. 52(a)(2) (applicable in family court proceedings pursuant to V.R.F.P. 3(a), 2(a)). The findings stand on review unless they are clearly erroneous. *Id.* The father's vague and conclusory allegation of error here falls far short of demonstrating clear error. As for the court's conclusions of law favoring termination of parental rights, as noted above, they were based on clear and convincing evidence that termination was in the best interests of the children, and are supported by valid findings of fact. See *In re J.R.*, 153 Vt. at 94, 570 A.2d at 158. There is no merit to the father's claim that the trial court did not carefully examine the evidence.

## IV.

■ Finally, the father argues that termination of his parental rights was unnecessary. The trial court found, however, by clear and convincing evidence, guided by the criteria of 33 V.S.A. § 5540, that the best interests of the children required termination of his rights to make it possible for them to remain in a stable, nurturing and safe home environment, free from fear of the unpredictable dislocations that have characterized their lives thus far. On appeal, the father has failed to demonstrate error in this decision, and therefore the termination order must stand.

Assuming termination of parental rights is warranted, the father believes that the trial court should have considered whether continued contact between him and his daughters in the form of regular visitation would have been in their best interests. As a matter of law, however, a termination of parental rights applies to all parental rights, including visitation. *In re L.A.*, 154 Vt. 147, 160, 574 A.2d 782, 789 (1990). Since appellant lost all legally enforceable rights to contact with the children, the trial court was not obliged to consider visitation.

Because we uphold the termination order, the father's appeal of the disposition order is rendered moot.

*No. 92-551, the father's appeal of the order terminating his parental rights and granting custody and guardianship of the minor children E.B. and M.B. to SRS, is affirmed. No. 90-444, the mother's and father's appeals of the disposition order granting custody of E.B. and M.B. to SRS, are dismissed as moot.*