### In re T.R.

[730 A.2d 621]

No. 98-536

April 9, 1999. Mother of T.R. appeals from a family court order that found T.R. to be a child in need of care and supervision (CHINS). She claims that the evidence did not support the CHINS finding. We agree and reverse.*

On March 28, 1997, T.R. was placed in the custody of the Department of Social and Rehabilitation Services after he re-

---

*Mother also claims that (1) the court erred in permitting significant limitations on mother's confrontation rights, and (2) T.R. did not take an oath that satisfied 12 V.S.A. § 5854 or V.R.E. 603. We do not reach these issues.

ported to school officials that his mother's live-in boyfriend hit him in the forehead causing him pain and bruising. In June 1997, the court held a CHINS hearing; T.R. was six years old at that time. At the hearing, the boyfriend denied ever hitting T.R. He claimed that T.R. hit his head falling on ice. Mother did not believe that her boyfriend hit T.R. She also stated that T.R. bruised his head by falling on ice. The court requested that the parties file proposed findings, but before the parties were able to do so, the court issued an order, stating that the findings were on the record and adjudicating the child CHINS. Mother appealed on the ground that the finding on the record — that the boyfriend hit T.R. — was insufficient to support the CHINS finding. We reversed and remanded for findings of fact and conclusions of law.

On remand, the court made written findings of fact. It found that T.R. was credible and that the explanation that mother and her boyfriend provided for T.R.'s injury was not believable. The court concluded that mother failed to protect T.R. from her abusive boyfriend, and that her persistent refusal to believe her son about this abuse placed the boy at risk for continuing harm. Consequently, the court concluded that T.R. was CHINS. Mother appeals again.

At the merits stage of a CHINS proceeding, the State has the burden to establish by a preponderance of the evidence that the child is in need of care or supervision. See *In re M.B.*, 158 Vt. 63, 70, 605 A.2d 515, 519 (1992). The statute provides three bases for finding a "child in need of care and supervision." 33 V.S.A. § 5502(a)(12). In this case, the CHINS finding was based on the allegation that the child "[i]s without proper parental care or subsistence, education, medical, or other care necessary for his well-being" because mother did not believe T.R. and consequently, was unable to protect him from her boyfriend. *Id.*

§ 5502(a)(12)(B). "We will not disturb the court's findings of fact unless there is no credible evidence to support them." *In re C.B.*, 162 Vt. 614, 614, 644 A.2d 1294, 1295 (1994).

Mother argues that a finding of CHINS based on a parent's failure to protect a child cannot be based on her disbelief of a single incident of abuse, particularly where, as here, there is testimony from the same witness indicating another reason for the bruise on his forehead. She maintains that our failure-to-protect cases require more evidence than this. For example, she relies on *In re C.M.*, 157 Vt. 100, 102-03, 595 A.2d 293, 294-95 (1991), in which we upheld a finding of CHINS based on mother's failure to protect. In *C.M.*, however, the findings indicated that father had abused C.M., mother was aware of the danger father posed to the child, and mother continued to leave the child alone with father. See *id.* See also *E.J.R. v. Young*, 162 Vt. 219, 224, 646 A.2d 1284, 1287 (1994) (mother long tolerated violence against herself and children and continued to deny abusive home environment); *M.B.*, 158 Vt. at 71, 605 A.2d at 519 (single incident of abuse by third person, plus continuing lack of supervision adequate to protect children, supports CHINS finding).

We agree that the evidence in this case does not adequately support the conclusion that T.R. faces an obvious risk of future harm caused by mother's inability to protect him from her boyfriend's abuse. See *In re C.A.*, 160 Vt. 503, 506, 630 A.2d 1292, 1294 (1993) (sparse findings did not support conclusion that children at risk of future abuse). Contrary to SRS's contention, the court did not find that mother fabricated a story to account for T.R.'s injury. Nor did the court find that the boyfriend was likely to further abuse T.R., that mother was aware the boyfriend posed a risk to T.R. or that she insisted on leaving T.R. alone with the boyfriend. Rather, the court found that

mother did not believe T.R.'s claim that the boyfriend hit T.R. She believed that T.R. injured his head by falling on the ice. And T.R. testified that mother was not present when the boyfriend hit T.R., that mother had taken T.R. ice skating, that T.R. had fallen on the ice and hit his head and that, as a result, T.R. got a mark on his head.

*Reversed.*