*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-347

JANUARY TERM, 2012

| | |
|---|---|
| In re M.B. & K.B., Juveniles | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Family Division |
| | } |
| | } |
| | } DOCKET NO. 221/223-7-10 Cnjv |

Trial Judge: Edward J. Cashman

In the above-entitled cause, the Clerk will enter:

Father appeals from a judgment of the Superior Court, Family Division, terminating his parental rights to the minors M.B. and K.B. Father contends the trial court improperly failed to safeguard his right to effective assistance of counsel. We affirm.

As found by the trial court, the material facts may be summarized as follows. M.B. and K.B., aged three and four at the time of final hearing, were born in New York and joined mother in Vermont in 2009 to escape from domestic abuse by father. Mother entered the Lund Center with the children in January 2010. She left in July 2010, however, and the children were taken into emergency custody by the Department for Children and Families and placed with a foster family, where they have since remained. In October 2010, they were adjudicated children in need of care or supervision, or CHINS.

Father had minimal contact with the children while they lived at the Lund Center, and attended fewer than half of the scheduled supervised visits from July to September 2010. Father's interactions with DCF workers and the foster parents were marked by angry outbursts and hostility, and he refused any visitation from September to December 2010. Thereafter, he had only a few contacts before the final hearing.

At the initial disposition hearing in December 2010, DCF indicated that it was seeking to terminate father's parental rights based on his history of significant mental health issues, substance abuse, domestic abuse, convictions for domestic violence, and lack of involvement with the children. Mother voluntarily relinquished her parental rights at the commencement of the two-day TPR hearing in July 2011. Following the hearing, the court issued a written decision, granting the petition.

The court found, based on a DCF-facilitated mental health assessment, that father suffers from bipolar disorder, anti-social personality, and chronic substance abuse which he refuses to treat. He has an extensive criminal record, including convictions for domestic violence against mother, resulting in frequent incarcerations. Together, these had resulted in an extremely chaotic and unstable life.

Applying the best-interests criteria, the court found that father had little or no relationship with the children, no knowledge of child-rearing, and no motivation to acquire the skills needed. He suffers from long-term, untreated mental illness and substance abuse that he has taken no steps to treat and which impair his ability to care for himself, much less the children. The court thus concluded that there was no likelihood that father would be able to resume parental responsibilities within a reasonable time. Additionally, the court found that the physical and mental health of the children had improved dramatically since being placed in foster care, where they had established a loving relationship with their foster family. The court thus concluded that termination was in the best interests of the children. This appeal followed.

Father challenges none of the foregoing factual findings and conclusions. Rather, he contends that the trial court failed to safeguard his right to effective assistance of counsel at the termination hearing. The facts underlying the claim are as follows. The court appointed father's first attorney in July 2010, but the following month father indicated that he was dissatisfied with counsel and wished to represent himself. The court granted father's request in October 2010. In December 2010, however, the court appointed a new attorney to represent father, but several months later she moved to withdraw citing father's hostility and distrust. At a hearing on June 15, 2011, the court granted the motion and appointed a third attorney to represent father.

Four weeks later, at the start of the first day of the termination hearing, father informed the court that he objected to the hearing because he believed that his attorney was unprepared. The court noted the objection, and the hearing proceeded. Later that day, in response to the court's question about the witnesses that he planned to call, father's attorney noted that "some witnesses . . . have been brought up . . . recently" but indicated that he was satisfied to proceed on the next hearing date, which was scheduled for a week later, on July 21, 2011. At the start of the hearing on that date, father raised a similar objection, asserting that his attorney was unprepared and had not adequately met with him prior to the hearing. The court again noted the objection without comment. To make the "record clear," however, father's attorney stated that although "assigned to the case late" he had retained an investigator, reviewed the evaluations, and "talked to numerous witnesses." The hearing then proceeded.

Although the issue is not new, we have not definitively resolved whether ineffective assistance of counsel may be raised in a civil termination proceeding, and we need not do so here.[1] See, e.g., In re S.W., 2008 VT 38, ¶ 7, 183 Vt. 610 (mem.) (holding that, because mother had failed to show that counsel was ineffective or that she was prejudiced, "we need not determine whether, or under what circumstances, a party may claim ineffective assistance of counsel in a termination proceeding"); In re M.B., 162 Vt. 229, 233 n.3 (1994) (holding that father failed to demonstrate prejudice from counsel's alleged incompetence while expressing "no opinion . . . on the viability of such a claim, or of the appropriate procedure to hear it"). To establish ineffective assistance of counsel, a party must show that counsel's conduct fell short of the prevailing standard of a competent attorney, and that the incompetence was sufficiently prejudicial to create a "reasonable probability" of a different result. Id. at 234 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)).

Here, father asserts neither that his attorney was incompetent nor that the alleged incompetence prejudiced the result. Rather, he contends that the trial court improperly failed to

---

[1] Although father asserts that the Court recognized a parent's right to effective assistance of counsel in In re H.B., No. 93-360 (Vt. May 23, 1994), this was a single-Justice progress order that did not specifically address this issue.

2

ensure his right to effective assistance of counsel by failing to "mak[e] any inquiry of the attorney regarding . . . father's allegations." Father cites no authority for such an obligation. Even assuming, however, that the court was somehow remiss in this regard, father does not assert, and the record does not show, that the omission resulted in any prejudice sufficient to alter the outcome. First, we note that father's counsel indicated that he was prepared to proceed on the first day of the hearing, and later addressed father's renewed objection on his own initiative, describing for the record the efforts that he had undertaken in the four weeks since his appointment. Second, the record reveals no lack of competence, diligence, or zealousness in counsel's representation; he raised a variety of evidentiary objections before the start of the hearing, cross-examined the State's witnesses, some at length, and called two witnesses on father's behalf. Finally, the evidence and findings strongly supported the trial court's conclusion that termination was in the children's best interests, and father cites nothing to show how some further inquiry from the court would likely have altered the result. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

3