*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-426

MAY TERM, 2015

In re K.S., Juvenile  } APPEALED FROM:
                                             }
                                             } Superior Court, Bennington Unit,
                                             } Family Division
                                             }
                                             } DOCKET NO. 142-12-13 Bnjv

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Mother appeals from a family court order adjudicating the minor, K.S., to be a child in need of care and supervision (CHINS). Mother contends the evidence did not support the court's finding that her reporting of medical symptoms afflicting K.S. was in part exaggerated and in part fabricated. We affirm.

This case arose from the filing of a CHINS petition, in December 2013, alleging improper medical care of the child by mother. The court held an evidentiary hearing over the course of three days in August and September 2014, and issued a written decision granting the petition in November 2014. The court concluded that mother had medically abused K.S., who was four years old at the time of the hearing, by making "false or exaggerated" reports of medical symptoms that resulted in K.S. being subjected to unnecessary medical tests and treatments, including invasive diagnostic procedures and medications with serious risks of side-effects.

As recounted in the court's extensive findings, for a period of two years mother repeatedly brought the child to multiple pediatricians and pediatric specialists, including a pediatric gastroenterologist, pediatric neurologist, pediatric rheumatologist, and pediatric cardiologist. When the doctors' examinations and medical tests failed to substantiate mother's claims of various symptoms and serious illnesses afflicting the child—including celiac disease, juvenile idiopathic arthritis, and porphyria—mother rejected the medical results and consulted with other physicians. Among other false and misleading behaviors, the court found that mother had provided doctors with a photograph of a serious rash that she claimed was taken of K.S. when, in fact, it was a photograph from the internet, and continually failed to report the results of prior tests to the consulting physicians.

Based on extensive testimony, the court found that mother's conduct had "caused doctors to give medications and order tests and procedures based on false or seriously exaggerated symptoms and history," and had failed to inform doctors of "medical facts known to her that they should have known." The court found that many of these invasive procedures—which included colonoscopies, endoscopies, and multiple EKGs and EEGs—posed medical risks in themselves, and that many of the medications, including resperidol and naproxen, posed the risk of serious

side-effects. Accordingly, the court concluded that the evidence supported a finding of medical abuse, and an adjudication of CHINS. This appeal followed.

Our review is limited. "We will not disturb the findings of fact in a juvenile proceeding unless they are unsupported by any credible evidence." In re M.B. & E.B., 158 Vt. 63, 70 (1992). In determining the facts, moreover, "it is the exclusive role of the family court to weigh the evidence and assess the credibility of witnesses." In re M.L., 2010 VT 5, ¶ 29, 187 Vt. 291.

Mother contends that, in crediting the testimony of the medical witnesses who did not see the symptoms reported by mother and whose tests found no explanation for the reported symptoms, the court improperly discounted the conflicting testimony of other witnesses who had "the most intimate knowledge of K.S., his mother, stepfather and grandmother, [who] testified as to the boy's frequent diarrhea, leg and back pains and rashes." The court noted, however, that other care providers for the child reported symptoms consistent with that of a normal child, such as the occasional loose stool or headache, rather than the constant and extreme diarrhea and pain reported by mother, and that, during his visits with the child, K.S.'s father also did not observe the severe symptoms claimed by mother. Although the child's stepfather and maternal grandmother supported mother's assertions, the court declined to credit their claims of such "extreme events and observations," noting that they never took the child to the doctor during such events for medical verification and treatment.

Her claim to the contrary notwithstanding, mother has not shown that the trial court's decision to credit the extensive and consistent testimony of the medical witnesses over that of mother and two of her relatives was an abuse of its broad discretion to weigh the evidence and assesses the credibility of witnesses. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

2