The probate court denied her election under § 461 with respect to the real property but granted the election under § 402. The court also allowed the surviving spouse to claim under Article Fourth of the will, which bequeathed her a one-sixth share in the decedent's residual estate, which consisted largely of real estate. The executrix, a daughter of decedent, appealed to the superior court, which affirmed the probate court's decision, concluding that a surviving spouse who elects to waive the provisions of a will is not automatically barred from taking under the will. The present appeal followed.

This Court has held that a surviving spouse may, in an appropriate case, take both a legacy under the will and a statutory right, unless it clearly appears that such election was not intended by the testator. *Phillips v. Northfield Trust Co.*, 107 Vt. 243, 247, 179 A. 154, 158 (1935). At issue in the present case is the effect of the following language in the will, which was executed prior to decedent's marriage to his surviving spouse:

> SEVENTH: The provisions in this Will made for my wife to be, Andrea M. Duffy, are intended to be in *lieu* of any statutory *dower* or other rights which she may have in my estate. (Emphasis in original.)

That language clearly and unequivocally expresses the testator's intent to bar his wife from both claiming a legacy under the will and asserting the right to personalty under 14 V.S.A. § 402. The surviving spouse argues that the phrase "or other rights" cannot logically refer to statutory personalty or homestead rights, since these rights cannot be barred by a provision of the will. But the issue is not whether they can be barred by the will, but whether the testator can, by clear and unequivocal language, compel his surviving spouse to elect between rights under statute that he cannot bar, or legacies under the will. This testator has expressed his intention with clarity, and that intention must be honored.

While the decision of the superior court must be reversed, we acknowledge that the surviving spouse, having made her initial elections, may wish to reassess her position, and in fairness and equity ought to be able to do so. We therefore direct that the court conduct further proceedings to allow the surviving spouse to reconsider her statutory elections in light of this opinion. The time within which to make such elections within the meaning of V.R.P.P. 13(b) shall be deemed extended, and the superior courts shall in such proceedings set a reasonable time certain within which the elections shall be made.

*The decision of the superior court is reversed and the matter remanded for further proceedings in accordance with this opinion.*

## In re D.C. and D.C.

[613 A.2d 191]

No. 90-407

September 26, 1991. Appellant seeks our reversal of an order terminating parental rights in his two children. At the time of the termination hearing, criminal charges were pending against appellant for sexual abuse of his cousin. Appellant claims that in proceeding with the juvenile case without granting him immunity with respect to the pending criminal

charge, the district court presented him with an unconstitutional "Hobson's Choice." He had either to decline to testify freely in his own behalf against termination of his parental rights, appellant argues, or risk self-incrimination with respect to the criminal case.

We find, first, that the issue now raised by appellant was not adequately preserved for appeal. Issues, including those with constitutional dimensions, are waived by parties unless raised at the earliest opportunity. *Hall v. Department of Social Welfare*, 153 Vt. 479, 487, 572 A.2d 1342, 1347 (1990). In order to effectively raise objection to action by a court, a party must present the issue with specificity and clarity in a manner which gives the court a fair opportunity to rule on it. See *State v. Ringler*, 153 Vt. 375, 378, 571 A.2d 668, 670 (1989). In the present case, appellant failed to present the district court with specific grounds for his objection to proceeding without immunity. He indicated to the court the criminal charges lodged against him, and the fact that allegations of sexual abuse of his own children were an element of the State's case for termination of his parental rights. However, he did not show how the charge of abuse of his cousin was related to the termination proceeding. As a result, he failed to show how he might incriminate himself in the criminal matter by testifying at the parental rights hearing.

Appellant argues that if the issue is unpreserved, this Court should nevertheless address it because the district court's actions constituted plain error. We recognize that we can reverse on even an unpreserved issue in exceptional cases. See *Varnum v. Varnum*, 155 Vt. 376, 382, 586 A.2d 1107, 1110–11 (1990). This case, however, is not one in which the error, if

any, is so obvious, grave, and serious as to warrant reversal. See *In re G.S.*, 153 Vt. 651, 651–52, 572 A.2d 1350, 1351 (1990). The applicable standard for termination of parental rights is grounded in the "best interests" of the children as defined according to four statutory factors. See 33 V.S.A. § 5540. We will uphold the findings of a trial court in support of a termination of parental rights unless they are clearly erroneous. *In re J.R.*, 153 Vt. 85, 94, 570 A.2d 154, 158 (1989). The record reveals that while the juvenile court considered the allegations of appellant's sexual abuse of his children, the findings reflect numerous grounds for termination of his parental rights. Appellant has not shown any real likelihood that the outcome would have been different had he been able to testify with immunity or after the criminal charges pending against him were resolved.

*Affirmed.*

## In re John L. WILLIAMS

[600 A.2d 730]

No. 91-301

October 3, 1991. Pursuant to the recommendation of the Professional Conduct Board filed June 20, 1991, and approval thereof, it is hereby ordered that John L. Williams, Esq., be publicly reprimanded for the reasons set forth in the Board's Notice of Decision attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

### NOTICE OF DECISION

Bar counsel has presented a stipulation signed by both bar counsel and