## In re A.S. and J.S., Juveniles

[599 A.2d 736]

No. 91-193

Present: **Allen, C.J., Gibson, Dooley and Johnson, JJ.**

Opinion Filed November 1, 1991

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Michael O. Duane*, Assistant Attorney General, and *Keith Aten*, Law Clerk (On the Brief), Waterbury, for Plaintiff-Appellee.

*Carlyle Shepperson*, West Corinth, for Defendant-Appellant.

**Allen, C.J.** The mother of A.S. and J.S. appeals from a decision of the Caledonia Family Court terminating her residual parental rights. We affirm.

The facts are essentially the same as those recited in a matter involving the same mother and the same children, *In re A.S.*, 152 Vt. 487, 567 A.2d 1139 (1989), *cert. denied sub nom. Appleby v. Young*, 493 U.S. 1087 (1990). The state took custody of the two children on September 22, 1984, when appellant abandoned

both boys and their siblings in the aftermath of a violent domestic quarrel with a man with whom she had been living. On September 24, 1984 a temporary detention hearing was held and custody was continued with Social and Rehabilitation Services (SRS). At the merits hearing on June 3, 1985, all parties stipulated that A.S. and J.S. were children in need of care and supervision pursuant to 33 V.S.A. § 654(a). The disposition hearing was held on July 2, 1985. Since that disposition hearing, the children have remained in foster care under the aegis of SRS. No written disposition order was ever entered. The action actually taken at the disposition hearing was disputed. On December 1, 1987, appellant filed a petition for habeas corpus in superior court. She claimed that placing the children in SRS custody was unlawful because the disposition hearing mandated by 33 V.S.A. § 656 had never been held. Appellant based this claim on the fact that no written order was ever filed by the juvenile court. The court denied the petition, stating:

> It's the conclusion of the Court that the disposition hearing was held, that an agreement was reached in it, that Plaintiff here today was party to that agreement, that the Court accepted the agreement and directed that an order be drafted to carry it out.
>
> . . . .
>
> So we have a hearing, we have an agreement, we have a direction to reduce the agreement to paper, we have the implementation of the agreement consistent with the Court's intent; and the Court thinks that the spirit and meaning of the statute has been carried out, and that there is no just grounds for the granting of the petition for the writ of habeas corpus.

In affirming the trial court decision, we held that the absence of any pleading or proof on the issue of whether a return of custody to the mother would be in the best interests of the children was fatal to the grant of the petition. 152 Vt. at 491, 567 A.2d at 1141. We also held that habeas corpus is not available as a means of collateral attack to correct any error in a juvenile proceeding. *Id.* at 492, 567 A.2d at 1142. The defect must be "jurisdictional," so that any resultant order is void. *Id.* We specifically held that the defect alleged in that case was *not* jurisdictional, and stated:

The transcript indicates that the parties believed that they had reached agreement on a disposition order. The court indicated that it accepted the stipulation and would sign a written order based on it. If petitioner had thereafter decided that she could not agree to the stipulation, she could have returned to the juvenile court for relief, including a full disposition hearing if the court found the stipulation was not binding on her. When she realized there was no signed stipulation and written order, she was free to return to juvenile court for the same kind of relief. We believe it would be inappropriate to allow petitioner to sleep on her rights for two and one-half years and then gain custody of her children through habeas corpus without going back to the juvenile court.

*Id.* at 492–93, 567 A.2d at 1142.

On December 18, 1990 the matter came before the family court for eighteen-month dispositional review, pursuant to 33 V.S.A. § 5531(a), and SRS recommended to the court that the mother's residual parental rights to the boys be terminated pursuant to § 5528(a)(3). The court heard evidence on February 8, 1991. Appellant did not testify or attend, although she was notified of the hearing. The juvenile court found that appellant had not had contact with the boys for three years and had "virtually abandoned" them. It ruled that given the boys' ages, the length of time that they had spent in foster care, and the length of time that had elapsed since their mother had had any contact with them, there had been a substantial change in material circumstances and there was no likelihood that appellant would be able to resume her parental duties within a reasonable period of time. The court ordered her residual parental rights terminated, and the present appeal followed.

Appellant's arguments here restate a proposition which is identical to the contention raised in *In re A.S.*, namely, that the family court had no jurisdiction of A.S. and J.S. because of the absence of a disposition order in the 1985 proceeding. Collateral estoppel bars the present action because the question of the lawfulness and propriety of the 1985 disposition order was "necessarily and essentially determined" in the earlier action. See *Berisha v. Hardy*, 144 Vt. 136, 138, 474 A.2d 90, 91 (1984). The mother has not presented evidence to meet an overwhelm-

ing case by SRS on the issue of termination. She points only to alleged procedural defects long ago laid to rest.

*Affirmed.*