## In re J.R., Juvenile

[668 A.2d 670]

No. 94-038

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 20, 1995

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Harrison B. Lebowitz*, Assistant Attorney General, and *James R. Willmuth*, Law Clerk (On the Brief), Waterbury, for Appellee Vermont Department of Social and Rehabilitation Services.

*Charles S. Martin* of *Martin & Paolini*, Barre, for Appellee Juvenile.

*Robert Appel*, Defender General, and *Anna Saxman*, Appellate Defender, Montpelier, for Appellant.

**Morse, J.** J.R.'s mother appeals an order of the Chittenden Family Court terminating her parental rights. Mother claims the court erred (1) by not hearing and deciding a 33 V.S.A. § 5532(a) motion to vacate

a disposition order removing J.R. from the parental home, and (2) by excluding all of mother's witnesses at a termination of parental rights (TPR) hearing. We decide that findings of fact in a CHINS (child in need of care or supervision) proceeding founded on a preponderance of the evidence do not preclude relitigation of issues required to be decided on clear and convincing evidence in a TPR proceeding. We therefore reverse.

J.R. was removed from her mother and stepfather's home in February 1991 based on allegations that her stepfather had sexually abused her. At a contested merits hearing, the court determined that J.R. was a child in need of care or supervision, explicitly stating that its factual findings — the critical one being that father had sexually abused J.R. — were based on a preponderance of the evidence. Legal custody, including guardianship of J.R., was transferred to the Commissioner of the Department of Social and Rehabilitation Services (SRS).

In April 1992, mother and stepfather filed a motion under 33 V.S.A. § 5532(a) to vacate the disposition order, alleging that the court had based its decision to remove J.R. from the home on fraudulent evidence. Although the motion challenged the disposition order, no new evidence was admitted at the disposition proceeding. Thus, it is evident that mother took issue with evidence admitted in the CHINS proceeding that subsequently became the basis for the disposition order.

In support of her motion, mother offered three letters and an affidavit. She claimed her exhibits showed that J.R.'s maternal grandmother had fabricated the sexual abuse allegations against J.R.'s stepfather. SRS opposed the motion to vacate, claiming that the letters submitted by the parents themselves were fraudulent. SRS submitted an affidavit of mother's sister in which she denied writing one of the letters J.R.'s parents attributed to her. At the suggestion of SRS, the parties stipulated to the taking of handwriting exemplars to be analyzed by a handwriting expert.

In August 1992, SRS petitioned for termination of mother's parental rights. After the parties skirmished over procedure, the family court·determined that "regardless of the outcome of any hearing required by 33 V.S.A. § 5532 based upon an allegation of fraud, the Court would still be required to respond to the Petition to Terminate Parental Rights. . . ." The court bypassed the motion to vacate and heard the TPR petition.

At the TPR hearing, mother produced the letters on the issue of fraud, as well as witnesses who would verify the handwriting in the

letters. She claimed that J.R. had not been abused, that J.R.'s maternal grandmother had fabricated the child abuse claims, and that mother had faced a confrontational atmosphere during the original police investigation. SRS objected to introduction of this evidence, claiming that mother was attempting to relitigate the issue of child abuse. SRS argued, as it argues on appeal, that these issues were fully and fairly litigated at the CHINS proceeding, and that issue preclusion barred the mother from submitting the evidence at a TPR proceeding. The court agreed with SRS on issue preclusion and did not admit testimony challenging the allegations of abuse.

## I.

We first consider whether the court erred in failing to hold an evidentiary hearing to decide mother's motion to vacate. Section 5532(a) of Title 33 provides that "[a]n order of the court may be set aside by a subsequent order of that court . . . when it appears that the initial order was obtained by fraud or mistake sufficient therefor in a civil action."

We have affirmed the denial of similar post-trial motions without evidentiary hearings where the court had considered the proffered evidence and found that evidence other than that challenged in the motion sufficiently supported the initial order. See, e.g., *In re D.M.*, 162 Vt. 33, 36–37, 641 A.2d 774, 776–77 (1994) (upholding denial of V.R.C.P. 60(b) motion based on allegation that child had been manipulated into fabricating stories of abuse); cf. *West v. West*, 139 Vt. 334, 335, 428 A.2d 1116, 1117 (1981) (court should hold hearing where Rule 60 motion neither frivolous nor totally lacking in merit). Whether to hold an evidentiary hearing before deciding a motion to vacate is within the family court's discretion. *In re D.M.*, 162 Vt. at 37, 641 A.2d at 777. Nevertheless, the family court must decide the motion. 33 V.S.A. § 5532(b) ("the court *shall* deny or grant such relief") (emphasis added).

## II.

Because the issue is likely to resurface on remand, we next consider whether the court erred by not deciding anew the issue of abuse at the TPR hearing. Issue preclusion bars a party from relitigating an issue decided in a previous action. *Berisha v. Hardy*, 144 Vt. 136, 138, 474 A.2d 90, 91 (1984). Issue preclusion is appropriate when:

(1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was

resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

*Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265, 583 A.2d 583, 587 (1990).

A factor to consider when assessing the fairness of applying preclusion under elements (4) and (5) is the degree of proof required in each action. *Id.* Our cases as far back as 1862 hold that verdicts resting on a lower burden of proof should not be conclusive in subsequent actions requiring a more stringent burden of proof. See, e.g., *Riker v. Hooper*, 35 Vt. 457, 461–62 (1862) (issue decided by preponderance of evidence in action for trover did not bar litigation of same issue in suit to recover forfeiture requiring proof beyond reasonable doubt); *Grogan v. Garner*, 498 U.S. 279, 284–85 (1991) (considering that if clear-and-convincing-evidence standard were to apply to nondischargeability in bankruptcy, prior state judgments based on preponderance of evidence could not be given preclusive effect); cf. *People v. Gates*, 452 N.W.2d 627, 632–34 (Mich.) (decision in less formal child protection proceeding does not have preclusive effect in criminal trial), *cert. denied*, 497 U.S. 1004 (1990).

At a CHINS merits hearing, the burden is on the State to show, by a preponderance of the evidence, that a child is in need of care or supervision. *In re R.B.*, 152 Vt. 415, 421, 566 A.2d 1310, 1313 (1989), *cert. denied*, 493 U.S. 1086 (1990). The State may do so by establishing any combination of statutory factors, including abandonment, abuse, or lack of parental care or subsistence necessary for the child's well-being. 33 V.S.A. § 5502(a)(12). At the merits hearing in this case, the court found that J.R.'s stepfather had sexually abused her and that her mother did not adequately protect J.R., specifically stating that its findings were based on a preponderance of the evidence.

■ In a proceeding to terminate parental rights under 33 V.S.A. §§ 5532 and 5540, a higher burden of proof must be met. The State must prove by clear and convincing evidence that there has been a material change in circumstances and that the best interest of the child requires termination of parental rights and responsibilities. 33 V.S.A. § 5532(b); *In re J.R.*, 153 Vt. 85, 99–100, 570 A.2d 154, 161 (1989); *In re R.B.*, 152 Vt. at 421, 566 A.2d at 1313 (court must find by clear and convincing evidence that "there is no reasonable possibility that the 'causes and conditions which led to the filing of the petition

can be remedied and the family restored within a reasonable time.'") (quoting *In re D.R.*, 136 Vt. 478, 481, 392 A.2d 951, 953 (1978)).

In this case, the family court based its finding of a substantial change in material circumstances on stagnation. See *In re S.R.*, 157 Vt. 417, 421, 599 A.2d 364, 367 (1991) (finding of continuing risk supports finding of material change in circumstances); *In re J.R.*, 153 Vt. at 99, 570 A.2d at 161 (stagnation can be shown by passage of time with no improvement in parental capacity to care properly for child). The court stated:

> [O]ver two years have passed with no positive change in [mother's] behavior towards her daughter J.R. She has not taken any steps to remedy the problems that led to the need to take her daughter into SRS custody nor the risks that remain in her home. She continues to disbelieve her daughter and to offer her support and comfort to her daughter's abuser . . . . Both she and her husband have failed to pursue services recommended by SRS, including sex offender therapy, family counseling, and parent education. She has been unresponsive to the needs and concerns of J.R.

■ The best interests of the child were determined on similar findings. These findings are premised on findings from the merits hearing that J.R.'s stepfather abused J.R. The determination that the abuse occurred, however, was made upon a mere preponderance of the evidence. Consequently, all the findings of continued risk to the child, mother's disbelief of the child, failure to protect the child, the need to pursue sex offender therapy, family counselling and parent education are based on a preponderance of the evidence. The State may not "bootstrap" its proof, satisfying a higher burden by previously meeting a lower burden. Consequently, mother is not precluded from relitigating issues of abuse and subordination of J.R.'s safety interests at the termination hearing.

It is not necessary to decide here what burden of proof must be met at a disposition hearing because no findings were made at disposition; all the initial findings on the underlying allegations were made at the merits hearing, explicitly by preponderance of the evidence.

*Reversed and remanded for a hearing on the motion to vacate the disposition order and, if necessary, a rehearing of the motion to terminate mother's parental rights.*

**Allen, C.J.**, concurring. I agree that the case must be reversed and remanded for the reasons stated in Part I.