*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-320

MARCH TERM, 2012

| | |
|---|---|
| In re L.B., G.B., & L.B., Juveniles | APPEALED FROM: |

Superior Court, Chittenden Unit,
Family Division

DOCKET NOS. 136/137-4-08 and
230-7-09 Cnjv

Trial Judge: Edward J. Cashman

In the above-entitled cause, the Clerk will enter:

Mother appeals the termination of her parental rights with respect to her three children.[*] We affirm.

The children were born in February 2001, October 2007, and July 2009. In September 2008, based on mother's continuing use of opiates, which compromised her ability to care for her children, the family division of the superior court determined that the two older children were in need of care and supervision (CHINS). The court initially placed the children with mother, with the expectation that she would remain sober, participate in substance abuse treatment, ensure that the oldest child attended school on a regular basis, and ensure that the second child receive proper pediatric care. Unfortunately, mother failed to meet these expectations, and in January 2009, the court transferred custody of the two children to the Department for Children and Families (DCF) based on reports of mother's continued drug use, the oldest child's continuing to miss school without explanation, and mother's rescinding releases to allow DCF to follow up with her providers, among other things. DCF placed the children with the maternal grandparents, where mother was also living at the time. In April 2009, the court accepted DCF's amended disposition report, which set the same goals as its initial report with the additional expectation that mother would seek prenatal care and medical oversight for her then-current pregnancy.

Mother's third child was born in July 2009. The third child, like the second child, was born with opiates in his system. The court placed the child with DCF under a temporary custody order until an expedited merits hearing could be held. At the hearing, mother stipulated to a CHINS finding and placement of the child with the maternal grandparents. In September 2009, the court issued a disposition order extending DCF custody over the third child. In November 2009, because of friction in the grandparents' home, DCF moved the children into foster homes.

---

[*] The father of the oldest child voluntarily relinquished his parental rights in May 2011. The father of the younger two children participated in the termination hearing but did not appeal the court's decision terminating his parental rights.

In November 2010, DCF filed petitions to terminate parental rights with respect to all three children. A termination hearing took place over four days between January and June of 2011. On August 19, 2011, the court issued an order terminating parental rights. The court found that the parents had not satisfactorily met any of the case plan goals and that they remained in denial of how their actions resulted in the children being removed from their care and prevented them from resuming their parental duties. After considering the factors set forth in 33 V.S.A. § 5514(a), the court concluded that neither parent would be able to resume parental duties within a reasonable period of time and that termination of parental rights was in the children's best interests.

On appeal, mother argues that in making its termination decision the court misstated the relevant constitutional rights. According to mother, instead of acknowledging that the parents and children share a fundamental liberty interest in maintaining a relationship except in extraordinary circumstances, the court engaged in a weighing process that pitted the children's supposed superior right to a stable home against the parents' inferior right to family integrity. Mother contends that this misunderstanding makes the court's termination decision suspect.

In making this argument, mother relies on the following statements in the court's decision:

> In weighing the child's best interests, the Vermont Supreme Court has admonished that "the best interest of the child has always been regarded as superior to the right of parental custody. . . . [A] child is a person, and not a subperson over whom the parent has an absolute possessory interest. A child has rights too, some of which are of a constitutional magnitude." Paquette v. Paquette, 146 Vt. 83, 89 (1985). A child's right to a stable home life is a proper, if not critical, factor to consider in deciding whether to terminate parental rights. In re R.W., 154 Vt. 649, 650 (1990).
>
> . . . .
>
> While due regard must be given to fundamental parental rights, these rights are not absolute and may be overcome when the child's best interests require otherwise. In re C.L., 143 Vt. 554, 558 (1983). Public policy does not dictate that the parent-child bond be maintained regardless of the cost to the child. In re M.B. & E.B., supra at 213. The best interests of the child is the "polestar" in these cases. In re D.R., 136 Vt. 478, 481.

These statements do not indicate that the court misunderstood the standard for adjudicating termination petitions. Indeed, the court laid out the four best-interest factors set forth in § 5114(a), acknowledged that the most important of those factors is whether the parents will be able to resume parental duties within a reasonable period of time as measured from the perspective of the children, and then examined each of the factors before concluding that it was in the children's best interests to terminate parental rights. Mother does not contend that § 5114 is unconstitutional or that the court erred in examining the statutory factors. Nor does she challenge any of the overwhelming evidence or numerous court findings and conclusions demonstrating that she will be unable to resume parental duties in the foreseeable future and that the children's best interests require termination of her parental rights.

The court's discussion of constitutional considerations in deciding whether to terminate parental rights acknowledges the fundamental right of parents to care for their children, but correctly states that this right is not absolute and must give way when clear and convincing evidence demonstrates that termination is in the children's best interests. Mother cites <u>Paquette</u> for the proposition that children may be removed from their parents' care only in extraordinary circumstances, but we recognized in <u>Paquette</u> that parental rights do not take priority when the best interests of the children cannot be reconciled with those rights. 146 Vt. at 88, 92 (stating that although there is presumption that child's best interests favor maintaining parental custody, that presumption may be overcome "by clear and convincing evidence that the natural parent is unfit or that extraordinary circumstances justify an award of custody to a nonparent"). Here, the court's unchallenged findings and conclusions, which are supported by the record, demonstrate that the mother continues to be unfit to parent her children, notwithstanding DCF's efforts to provide services to enable her to do so, and that she will not be able to resume parental duties within a time frame compatible with the children's need for stability. Accordingly, we find no basis to overturn the court's decision.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

3