*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-394

APRIL TERM, 2012

| | |
|---|---|
| In re M.V. } | APPEALED FROM: |
| } | |
| } | Human Services Board |
| } | |
| } | DOCKET NO. M-11/10-600 |

In the above-entitled cause, the Clerk will enter:

Petitioner M.V. appeals pro se from a Human Services Board order that upheld a decision by the Department for Children and Families (DCF) to substantiate petitioner for medical neglect of her daughter M.A.V. and include her name in the child protection registry. We affirm.

DCF substantiated mother for medical neglect of her minor daughter following a February 2010 incident at the child's school.[*] As a result of this incident, DCF also sought an emergency care order, alleging that M.A.V. was a child in need of care or supervision (CHINS). The family court later found that M.A.V. was CHINS due to petitioner's failure to provide adequate medical care. The family court's decision became final in August 2011, when this Court dismissed petitioner's appeal as untimely filed.

Petitioner appealed DCF's substantiation decision to the Board, and DCF moved for summary judgment on collateral estoppel grounds. The Board granted DCF's request. In reaching its conclusion, it adopted the family court's findings and thus found as follows. On the day in question, M.A.V. expressed suicidal thoughts to guidance personnel at school. She stated that she was very upset, very depressed, and that she wanted to step out in front of a truck. The guidance counselor believed that M.A.V.'s statements presented a credible threat to M.A.V.'s safety and reported the matter to Washington County Mental Health Services (WCMH). Petitioner gave permission for M.A.V. to meet with a WCMH crisis screener. The screener, who had extensive experience in evaluating the mental health of individuals in crisis, determined that M.A.V. was at risk of self harm and that she was in immediate need of further evaluation and treatment. She recommended that M.A.V. go to a secure short-term facility (Home Intervention (HI)) where she could stay for further assessment and a treatment plan. The screener informed petitioner of her recommendation but petitioner refused to allow M.A.V. to go the HI bed. Out of concern for M.A.V., the screener contacted DCF. The screener believed that petitioner was

---

[*] DCF is required by statute to investigate reports of child abuse and neglect and maintain a record of all investigations that have resulted in a "substantiated report." 33 V.S.A. § 4916(a)(1). A substantiated report is one that DCF determines, after investigation, is "based upon accurate and reliable information that would lead a reasonable person to believe that the child has been abused or neglected." Id. § 4912(10).

downplaying the seriousness of M.A.V.'s mental health issues. The family court found the screener credible, and concluded by a preponderance of the evidence that M.A.V. was CHINS because she lacked proper medical care due to petitioner's failure to allow treatment in accordance with the screener's recommendations.

The Board noted that petitioner continued to disagree with the screener's recommendations and with the findings and conclusions of the family court, but concluded that the only issue before it was whether it was bound by the family court's decision. As discussed in more detail below, the Board concluded that the elements of collateral estoppel were satisfied here and it thus affirmed DCF's decision to substantiate petitioner for medical neglect. This appeal followed.

We review the Board's application of the doctrine of collateral estoppel de novo. In re P.J., 2009 VT 5, ¶ 7, 185 Vt. 606 (mem.). Collateral estoppel is appropriate where:

> (1) preclusion is asserted against one who was a party . . . in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

Id. ¶ 8 (citation omitted). "Collateral estoppel applies to issues of both fact and law." Id.

We agree with the Board that all of these factors are satisfied. First, petitioner was a party to the CHINS action and the CHINS case was resolved by a final judgment on the merits. Additionally, the issue before the family court was the same as the one before the Board. As the Board explained, the issue in the substantiation proceedings was whether there were reliable and accurate facts that would lead a reasonable person to believe that petitioner's actions led to medical neglect of M.A.V. In other words, DCF needed to establish facts that would lead a reasonable person to believe that M.A.V.'s "physical health, psychological growth and development or welfare [was] harmed or [was] at substantial risk of harm by the acts or omissions of" petitioner. 33 V.S.A. § 4912(2). "Risk of harm" means a "significant danger that a child will suffer serious harm other than by accidental means, which harm would be likely to cause physical injury, neglect, emotional maltreatment or sexual abuse." Id. § 4912(4).

The family court adjudicated the facts underlying the resolution of this issue. As that court recounted, M.A.V. expressed suicidal thoughts, and an experienced mental health professional determined that she was at risk of self-harm and was in immediate need of further evaluation and treatment. The family court found that M.A.V. presented a credible threat to her own safety and that petitioner failed to allow the child to be treated in accordance with the advice of mental health professionals. It concluded that M.A.V. was CHINS because she lacked proper parental care or subsistence, education, medical or other necessary care for her well-being. See id. § 5102(3)(b). The family court's ruling necessarily establishes the facts underlying DCF's substantiation decision. The issue of whether petitioner put the child at risk of harm by failing to secure medical treatment has been decided. See In re P.J., 2009 VT 5, ¶ 12 (similarly applying collateral estoppel to bar a petitioner from challenging DCF's substantiation decision based on the nutritional neglect of her child where child had been adjudicated CHINS based on mother's

nutritional neglect of child, explaining that the family court's findings that the allegations in the CHINS petition were established "necessarily meant that the facts establishing that mother neglected [the child's] nutritional needs were determined to be true").

The fourth and fifth elements of collateral estoppel are satisfied as well. Petitioner was represented by counsel in the family court proceedings and she had the opportunity to litigate the issues before that court. It is fair to preclude petitioner from relitigating the case before the Board.

We are not persuaded by petitioner's arguments on appeal. As noted by the Board, petitioner continues to disagree with the screener's assessment of risk of harm and with the family court's findings and conclusions. She asserts that DCF's evidence in the CHINS case was inaccurate. She complains that her lawyer in the CHINS proceeding ignored many of her arguments. She also notes that she represented herself during the proceedings before the Board.

None of these arguments undermines our conclusion. The purpose of the doctrine of collateral estoppel is "to conserve the resources of courts and litigants by protecting them against repetitive litigation, to promote the finality of judgments, to encourage reliance on judicial decisions, and to decrease the chances of inconsistent adjudication." Id. Petitioner had the opportunity to litigate the medical neglect issues before the family court. She also had the opportunity to raise any complaints about the CHINS proceeding through an appeal to this Court, but she failed to file a timely appeal. We do not find it relevant, for purposes of collateral estoppel, that petitioner represented herself before the Board. To allow petitioner to again challenge the medical neglect issue would not promote the conservation of judicial resources and could lead to inconsistent results. Her dissatisfaction with the outcome of the CHINS proceeding does not preclude the application of the doctrine of collateral estoppel here. We have considered all of petitioner's arguments and find them all without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice

3